**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SMS DC CS01B, LLC,** *d/b/a Scale Microgrids*, **Plaintiff,** **v.** **BLUE OCEAN NEW ENERGY LLC,** **Defendant/Third-Party Plaintiff,** **v.** **SOLAR MOUNTS LLC, *et al.*,** **Third-Party Defendants.** | **Case No. 26-cv-01102 (APM)** |

**ORDER**

Before the court are (1) Defendant/Third-Party Plaintiff Blue Ocean New Energy LLC's (BONE) motion for leave to file a First Amended Third-Party Complaint and to withdraw a prior amended complaint, ECF Nos. 50, 51; (2) motions challenging BONE's third-party pleadings, ECF Nos. 31, 39, 47; and (3) Third-Party Defendants/Third-Party Counterclaim Defendants Solar Mounts LLC and Solar Construction LLC's (collectively, "Solar Parties") motion to strike BONE's demands for a jury trial, ECF No. 37. Given the complexity of this matter's procedural history, the court foregoes a recitation and proceeds to summarily resolving the motions.

*The Operative Pleading.* BONE's proposed amendments to its pleading against Third-Party Defendants SOL Engineering Solutions, LLC, DOTec Professional Corp., and Ildefonso Gonzalez (collectively, "Third-Party Defendants") are not futile. *See* ECF No. 55, at 5–10; ECF No. 56, at 8–10; ECF No. 57, at 6–10. Starting with the negligence claim, it is not foreclosed

by the economic loss doctrine, at least at this stage. In *Commonwealth Land Title and Insurance Co. v. KCI Technologies, Inc.*, the D.C. Circuit held that the plaintiff, a title insurer, had stated a claim of negligence against defendants, two land surveyors, for allegedly preparing faulty surveys for the plaintiff's insured, a property developer. 922 F.3d 459, 463–64, 468 (D.C. Cir. 2019). One defendant in *Commonwealth Land* asserted that the economic loss doctrine barred the plaintiff's negligence claim. *Id.* at 468. The court rejected the argument, holding that, "[a]t the pleading stage, the economic loss doctrine does not properly apply . . . because, in certifying the [survey] to [the plaintiff], [the defendant] plausibly 'undertook obligations that would implicate [the plaintiff's] economic expectancies." *Id.* (citing *Whitt v. Am. Prop. Constr., P.C.*, 157 A.3d 19, 205 (D.C. 2017) (internal quotation marks omitted)). The same holds true here. BONE alleges that Third-Party Defendants "prepared and reviewed a structural calculations report for the Project which [Third-Party Defendant Solar Mounts, LLC] gave to BONE," and to which Gonzalez "affixed his stamp of approval." BONE's First Am. Third-Party Compl., ECF No. 51-3 [hereinafter First Am. Compl.], ¶ 41. BONE in turn provided the report to Plaintiff SCALE, which then issued a Notice to Proceed in reliance on the report. *Id.* ¶¶ 41, 43. Thus, just as in *Commonwealth Land*, BONE has alleged an act of "certification" by Third-Party Defendants that plausibly places its negligence claim outside the economic loss rule.[1]

BONE's negligent representation claim is not futile, either. The economic loss rule does not apply to it. *See Vantage Commodities Fin. Servs. I, LLC v. Assured Risk Transfer PCC, LLC*, 31 F.4th 800, 806 (D.C. Cir. 2022) (not applying the economic loss rule to the plaintiff's negligent representation claim). And BONE has plausibly alleged that the report contained material

[1] To be clear, the court does not express any opinion as to whether Third-Party Defendants *in fact* certified the accuracy of the report to BONE. The court simply accepts this well-pleaded fact as true at this stage.

misrepresentations or omissions, upon which BONE relied in passing it onto SCALE. First Am. Compl. ¶¶ 132–145.

The court, however, agrees with the Solar Parties that BONE's proposed addition of a violation of the covenant of good faith and fair dealing is futile because BONE fails to state a claim. ECF No. 56, at 6–8. It is not plausible that the Solar Parties were obligated under the Master Services Agreement with BONE to implead the Third-Party Defendants into this action. *See* First Am. Compl. ¶¶ 97–98. At most, the Solar Parties agreed to accept full responsibility *themselves* for the acts and omissions of its sub-contractors' work and hold BONE harmless against any resulting liability. *Id.* ¶¶ 94–95. That the Solar Parties do not wish to potentially indemnify *themselves* against such liability by impleading the Third-Party Defendants is a decision of their own choosing that is neither in bad faith nor arbitrary and capricious. *See Sundberg v. TTR Realty, LLC*, 109 A.3d 1123, 1133 (D.C. 2015). Nor does the decision "destroy[] or injur[e]" BONE from receiving the fruits of the contract, as BONE still can recover and be made whole by the Solar Parties, if BONE were found liable to SCALE. *Id.*

Finally, BONE's proposed amended pleading is neither untimely nor offered in bad faith. *See* ECF No. 55, at 2; ECF No. 56, at 6, 8, 11–12; ECF No. 57, at 3–5. First, the scheduling order issued by the court on May 29, 2026, ECF No. 24, setting a pleadings-amendment deadline of June 12, 2026, applied only as between BONE and SCALE, the only parties to submit a Local Civil Rule 16.3 Statement, ECF No. 19. Because BONE's proposed amendment is not subject to the scheduling order, the liberal amendment standard under Federal Rule of Civil Procedure 15 therefore applies. Second, the court rejects the notion that BONE has filed its amended pleading in bad faith. The court has questions about the role of New Columbia Solar LLC in this case, but

not about whether BONE's reasons for amendment are genuine. *Cf.* Compl., ECF No. 1, ¶ 6 (alleging that BONE did business as ("d/b/a") as New Columbia Solar).

Accordingly, BONE's operative third-party complaint shall be the First Amended Third-Party Complaint filed at ECF No. 51-3, minus its claim for breach of the covenant of good faith and fair dealing. BONE's motions to file that amended pleading, ECF No. 51, and to withdraw an earlier one, ECF No. 50, are granted. The Third-Party Defendants' motions to dismiss BONE's original third-party complaint, ECF Nos. 31, 39, and motion to strike the initial amended pleading, ECF No. 47, are denied as moot.

*Jury Demand.* BONE's two jury demands—the first made in its Third-Party Complaint against the Solar Parties, ECF No. 14, and the second in response to the Solar Parties' counterclaim, ECF No. 33—are hereby stricken. BONE does not contest that the Master Services Agreement confers no right to dispute resolution by a jury and therefore withdraws its demand as to the Solar Parties' counterclaim. ECF No. 41, at 2. As to the demand asserted in its Third-Party Complaint, BONE argues that the Solar Parties' objection is waived because they did move to strike within the allotted 21 days under Rule 12(f). *See id.* at 3–4. The court disagrees. Although the Solar Parties' motion is ostensibly brought under Rule 12(f), ECF No. 37, at 1, it is Rule 39(a) that controls. That rule authorizes a court to find "on motion" that "there is no federal right to jury trial," and it contains no time limit on filing such motion. Fed. R. Civ. P. 39(a)(2). Thus, BONE's sole contention that the Solar Parties' objection to the jury demand is waived fails. Therefore, the Solar Parties' Motion to Strike, ECF No. 37, is hereby granted.

*Scheduling*. BONE, the Solar Parties, and Third-Party Defendants shall meet and confer and, by October 15, 2026, propose a schedule for further proceedings, including the filing of a Local Civil Rule 16.3 statement.

Dated: October 8, 2026

Amit P. Mehta
United States District Judge